J-S01023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON CISNE | |
| Appellant | No. 2078 EDA 2014 |

Appeal from the Judgment of Sentence March 1, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006829-2008

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED NOVEMBER 08, 2016**

Appellant, Jason Cisne, appeals *nunc pro tunc* from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas, following his negotiated guilty plea to third degree murder, possession of an instrument of crime ("PIC"), and possession of a firearm by a prohibited person ("VUFA").[1]  For the following reasons, we conclude that Appellant is not entitled to immediate release as he has requested, but he is entitled to some relief.  Therefore, we vacate the sentence for third degree murder and remand for resentencing on that count only, without the application of any mandatory minimum sentence.  Because resentencing on that count will not upset the overall sentencing parameters contemplated by both the guilty

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 907(a), and 6105(a)(1), respectively.

plea agreement and the court, we decline to vacate the entire judgment of sentence; instead, we affirm it in all other respects and deny counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with numerous offenses arising from his involvement in the shooting death of Phillip Underwood ("Victim") on October 17, 2003, in Philadelphia. Specifically, a witness saw Appellant shoot and kill Victim while he was lying face up on the sidewalk. Victim sustained single gunshot wounds to his shoulder, abdomen, and left thigh, and two gunshot wounds to his chest. At the time of the shooting, Appellant was ineligible to possess a firearm, due to a prior felony drug conviction. The Commonwealth initially charged Appellant with murder, VUFA—former convict, VUFA—no license, VUFA—on streets, PIC and REAP.

On March 1, 2010, Appellant completed and signed a written guilty plea colloquy, and tendered an oral guilty plea before the court, to third degree murder, VUFA—former convict (graded as a second degree felony), and PIC (graded as a first degree misdemeanor). In exchange, the Commonwealth agreed to recommend an aggregate sentence of twenty-five (25) to fifty (50) years' incarceration. Both the written and oral plea colloquies also made clear Appellant would serve the recommended sentence of 25 to 50 years, concurrent with the other sentences he was already serving in unrelated matters. Neither colloquy contains any reference to a

mandatory minimum sentence. The court accepted Appellant's plea and imposed 20-40 years for third degree murder, 5-10 years for VUFA, and 2½-5 years for PIC, yielding the aggregate sentence of 25-50 years' incarceration, as recommended, running concurrently with the sentence(s) Appellant was already serving. Appellant did not pursue a direct appeal.

Appellant timely filed a *pro se* petition pursuant to the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546. The court appointed counsel who filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The court issued notice, on February 22, 2013, of its intent to dismiss the petition without a hearing, under Pa.R.Crim.P. 907. Appellant responded, challenging counsel's petition to withdraw and adding new claims for relief, including plea counsel's ineffectiveness for failure to file a requested direct appeal. Nevertheless, the court dismissed the petition on March 22, 2013, but it did so without granting counsel's petition to withdraw. On appeal, this Court observed Appellant's *pro se* status as well as counsel's continued representation on record. Accordingly, this Court remanded the case with directions to counsel to file an advocate's brief on Appellant's behalf or another no-merit letter brief and proper petition to withdraw per **Turner/Finley**.

Counsel then filed with this Court the same no-merit letter he had filed

with the PCRA court. This Court's independent review of the record on appeal, however, revealed one issue of arguable merit that was not addressed by either PCRA counsel in his no-merit letter, or the PCRA court in its opinion, *i.e.*, Appellant had asked plea counsel to file a direct appeal, and plea counsel failed to do so. Given that the claim had arguable merit, this Court denied counsel's petition to withdraw on March 28, 2014, vacated the order denying PCRA relief, and remanded the case for an evidentiary hearing on this particular assertion. By order issued on June 27, 2014, the PCRA court reinstated Appellant's right to file a direct appeal *nunc pro tunc* from the judgment of sentence. Appellant timely filed the current appeal on July 22, 2014.

Regardless of the fact that the appeal was a direct appeal *nunc pro tunc* from the judgment of sentence, counsel filed a brief designated as a **Turner/Finley** no-merit letter and a petition to withdraw as counsel on May 14, 2015. Appellant filed a *pro se* response confirming the current appeal was a direct appeal and listing the issues he wanted argued. This Court issued a *per curiam* order on September 15, 2015, observing the correct procedural posture of the case was a direct appeal *nunc pro tunc* from the judgment of sentence and directing counsel to file a proper advocate's brief or a brief in compliance with **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602, Pa. 159, 978 A.2d 349 (2009).

On October 22, 2015, counsel filed a motion to withdraw and a purported **Anders** brief. On February 12, 2016, we rejected the filing, because counsel had not complied with **Anders/Santiago** and paid only lip-service to their technical requirements. Again, the case was remanded with instructions to counsel to file a compliant motion to withdraw and proper **Anders** brief, or an advocate's brief on behalf of Appellant, within 30 days. Counsel filed a new brief on May 10, 2016, continuing to assert the appeal was from the denial of PCRA relief. By order of May 24, 2016, we struck the new brief and again ordered counsel to comply with our February 12, 2016 directives. Counsel's revised brief was due on or before June 23, 2016.

On July 7, 2016, we filed a *per curiam* order, noting counsel's failure to comply with our May 24, 2016 order. The July 7, 2016 order remanded the case to the trial court for the appointment of new counsel within 15 days and remanded the certified record to afford new appellate counsel the opportunity to review the record. Despite some effort by Appellant's then counsel to have the July 7th order vacated, we declined and recognized the continued problems with counsel's filings and his failure to consider any of the issues Appellant wanted to raise on direct appeal. Upon remand, the trial court appointed new counsel on July 15, 2016. On August 15, 2016, newly-appointed counsel filed an **Anders** brief and a separate petition to withdraw as counsel.

As a prefatory matter, **Anders** and **Santiago** require counsel to: 1)

petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super. 1997)).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.

\* \* \*

- 6 -

> Under **Anders,** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, new appellate counsel has filed an **Anders** brief and a petition for leave to withdraw representation. The petition states counsel performed an extensive review of the record, as well as the applicable law, and concluded the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief, the withdrawal petition, and a letter explaining Appellant's right to proceed *pro se* or with new privately-retained counsel to raise any additional points Appellant deems worthy of this Court's attention. In his **Anders** brief, counsel provides a candid summary of the relevant facts and procedural history of the case. Counsel refers to facts in the record which might arguably support the issues raised on appeal and offers citations to relevant law. Respecting this Court's directives, counsel further explores the issues, which Appellant previously raised in his *pro se*

responses to prior counsel's multiple petitions to withdraw, and translates them into possible appellate claims. The brief also provides counsel's reasons for concluding that the appeal is ultimately frivolous. Thus, counsel has technically complied with the requirements of **Anders** and **Santiago**.

Counsel raises the following issue in the **Anders** brief:

> WHETHER THERE ARE ANY ISSUES OF ARGUABLE MERIT THAT COULD BE RAISED ON DIRECT APPEAL PRESENTLY BEFORE THIS COURT AND WHETHER THE APPEAL IS WHOLLY FRIVOLOUS?

(**Anders** Brief at 3).

In the **Anders** brief, Appellant argues his sentence is illegal, because the court imposed his new sentence concurrently with the sentence he was already serving. Likewise, Appellant suggests his sentence is illegal because it includes a mandatory minimum sentence that violates **Alleyne v. U.S.**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and its Pennsylvania progeny. Next, Appellant claims his guilty plea was flawed because it was induced by counsel's promise that Appellant would get an aggregate sentence of only twenty (20) to forty (40) years.[2]

Appellant filed a *pro se* response to counsel's **Anders** brief and petition, restating his principal concern with an alleged mandatory minimum

---

[2] The conclusion paragraph in current counsel's **Anders** brief at page 21 is somewhat misstated, as Appellant's claims center primarily on his sentence and guilty plea. No suppression motion/ruling was ever suggested/challenged in any relevant filing. Therefore, we will treat this isolated reference to a suppression motion as inadvertent and disregard it.

sentence he thinks he received under an infirm sentencing statute. To support his claim Appellant attached, for the first time in all of his filings to date, as an Exhibit to his most recent response, a purported notice from the Commonwealth of its intent to seek a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712 (sentences for offenses committed with firearms). Appellant fails to identify which of the three sentences he received carried the infirm mandatory minimum sentence. Likewise, the proffered notice is undated, unfiled, and not included in the certified record. Nevertheless, Appellant presents it to explain why he thinks he somehow received a mandatory minimum sentence. Based on these assumptions, Appellant concludes he is entitled to immediate release. For the following reasons, we resolve that Appellant is not entitled to immediate release but he is entitled to a remand for potential resentencing.

This case involves a number of legal principles, the first of which is: "Issues relating to the legality of a sentence are questions of law...." **Commonwealth v. Diamond**, 945 A.2d 252, 256 (Pa.Super. 2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008). "The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). **See also Commonwealth v. Edrington**, 780 A.2d 721 (Pa.Super. 2001) (maintaining legality of sentence claims cannot be waived, where reviewing court has proper jurisdiction). When the legality of a sentence is at issue on appeal, our "standard of review over such

questions is *de novo* and our scope of review is plenary." ***Diamond, supra*** at 256. "A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." ***Commonwealth v. Catt***, 994 A.2d 1158, 1160 (Pa.Super. 2010) (*en banc*). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." ***Id.*** (quoting ***Commonwealth v. Watson***, 945 A.2d 174, 178-79 (Pa.Super. 2008)).

Related law makes clear, third degree murder is graded as a felony of the first degree. 18 Pa.C.S.A. § 2502(c). Notwithstanding 18 Pa.C.S.A. § 1103, which fixes the maximum sentence for a first-degree felony at 20 years, "[A] person who has been convicted of murder of the third degree…shall be sentenced to a term which shall be fixed by the court **at not more than** 40 years." 18 Pa.C.S.A. § 1102(d) (emphasis added). The third degree murder statute carries no mandatory minimum sentence. 18 Pa.C.S.A. § 2502.

A person who violates Section 6105(a.1)(1) of the Crimes Code (persons not to possess, use, manufacture, control, sell or transfer firearms) commits a second-degree felony. 18 Pa.C.S.A. § 6105(a.1)(1). Section 6105 carries no mandatory minimum sentence. ***Id.*** The maximum term a court can impose for a second degree felony is ten years. 18 Pa.C.S.A. § 1103(2).

A violation of 18 Pa.C.S.A. § 907(a) of the Crimes Code (possessing instruments of crime) constitutes a first degree misdemeanor.  18 Pa.C.S.A. § 907(a).  Section 907 carries no mandatory minimum sentence.  *Id.*  A first degree misdemeanor is subject to a maximum term of five years.  18 Pa.C.S.A. § 1104.

When Appellant was sentenced on March 1, 2010, 42 Pa.C.S.A. § 9712(a) governed sentences for offenses committed with firearms and called for a mandatory minimum sentence of five years.  *See* 42 Pa.C.S.A. § 9712(a).  On June 17, 2013, the U.S. Supreme Court expressly held, in *Alleyne v. United States*, ____ U.S. ____, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), any fact that increases the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt.  *Id.*  Subsequent to *Alleyne*, this Court declared 42 Pa.C.S.A. § 9712.1 unconstitutional. *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*) (applying *Alleyne* to Section 9712.1 and holding section is unconstitutional insofar as it permits automatic increase of minimum sentence based on preponderance of evidence standard; statute is inseverable and unconstitutional in its entirety).  In a later decision filed on October 3, 2014, this Court extended the logic of *Alleyne* and *Newman* to Sections 9712 and 9713. *See Commonwealth v. Valentine*, 101 A.3d 801 (Pa.Super. 2014), *appeal denied*, ____ Pa. ____, 124 A.3d 309 (2015) (holding Sections 9712

and 9713 are likewise unconstitutional insofar as they permit increase of defendant's minimum sentence based on preponderance of evidence standard).

An *Alleyne* challenge can be raised on direct appeal. *Newman, supra*. *Alleyne* challenges are available on direct appeal from sentences imposed pursuant to sentencing statutes rendered constitutionally infirm, regardless of how the triggering facts were determined in the case at hand, because the sentencing statutes are unlawful; so the sentences flowing from those statutes are likewise illegal. *Commonwealth v. Wolfe*, ___ Pa. ___, ___, 140 A.3d 651, 654 (2016) (stating: "The effect of *Alleyne*'s new rule was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing") (citing *Commonwealth v. Hopkins*, ___ Pa. ___, 117 A.3d 247 (2015) (stating that language providing "applicability of this section shall be determined at sentencing" is now void, given *Alleyne*'s new description of aggravated offense)). *See Valentine, supra* at 811 (reasoning that asking jury to determine factual prerequisite for mandatory minimum sentence does not satisfy *Alleyne*; unconstitutional provisions of sentencing statutes at issue are not directly or indirectly severable). *See also Commonwealth v. Fennell*, 105 A.3d 13, 20 (Pa.Super. 2014), *appeal denied*, ___ Pa. ___, 121 A.3d 494 (2015) (reasoning that stipulation to facts needed for

mandatory minimum sentence does not satisfy *Alleyne*; no functional difference exists between submission of fact to jury or accepting stipulation).

As a general rule, the entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and legality of the sentence. *Commonwealth v. Main*, 6 A.3d 1026 (Pa.Super. 2010). "We have recognized the importance of the plea bargaining process as a significant part of the criminal justice system." *Commonwealth v. Byrne*, 833 A.2d 729, 735 (Pa.Super. 2003). Further,

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Commonwealth v. Roberts*, [352 A.2d 140, 141 (Pa.Super. 1975)] (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

*Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during

plea colloquy or file post-sentence motion to withdraw plea).

"[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id.* (quoting *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super. 2002)). The Pennsylvania Rules of Criminal Procedure mandate that pleas are taken in open court and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super. 2003). This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Muhammad, supra*. Even when there is an omission or defect in the oral guilty plea colloquy, a guilty plea will remains valid if an examination of

the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Fluharty*, 632 A.2d 312, 315 (Pa.Super. 1993). *See also Commonwealth v. Rush*, 909 A.2d 805 (Pa.Super. 2006).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. *Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super. 2003). A defendant who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.* at 523. "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." *Id.* at 524.

Instantly, with respect to Appellant's complaints about the voluntariness of his guilty plea and his expectation of a lesser sentence, these claims were previously raised in a PCRA petition under the rubric of ineffective assistance of plea counsel. In response, the PCRA court reasoned:

> Petitioner further argues that trial counsel was ineffective for allegedly failing to reveal that he would be subjected to a twenty-five (25) to fifty (50) year sentence. Petitioner claims that he unknowingly and unintentionally entered his

guilty plea as a result of trial counsel's alleged ineffectiveness. …

In this case, petitioner's guilty plea was entered knowingly, voluntarily, and intelligently. Before accepting petitioner's guilty plea, [the court] conducted a thorough colloquy to ensure that petitioner had actual knowledge of the implications and rights associated with a guilty plea. The record clearly shows that, before the entry of his guilty plea, petitioner was aware that his attorney recommended a twenty-five (25) to fifty (50) year sentence instead of the twenty-seven and one-half (27½) to fifty-five (55) year statutory maximum that could have been imposed. Petitioner was further informed of his rights and the consequences of entering a guilty plea to the charges against him. In a response to a series of inquiries, petitioner responded that he understood his rights and the consequences of his decision to plead guilty. Furthermore, petitioner told the court that he consulted with defense counsel before the entry of his guilty plea. He also told the court that he was satisfied with his attorney's services. There was no point during the colloquy where petitioner informed this court that his guilty plea was unlawfully induced by his attorney.

\* \* \*

Based on the totality of the circumstances, the court accepted the guilty plea after being satisfied that it was entered voluntarily, knowingly, and intelligently and that trial counsel's representation was competent.

(PCRA Court Opinion, filed June 25, 2013, at 3-5) (internal citations omitted). The record supports the court's analysis. Initially, we observe that Appellant did not object during plea colloquy or file a post-sentence motion to withdraw his guilty plea, so any direct challenge to the guilty plea process at this juncture is arguably waived. **See Lincoln, supra**. Moreover, the written guilty plea colloquy expressly states Appellant was

facing 27½ to 55 years' incarceration, and the Commonwealth agreed to recommend a sentence of 25 to 50 years to run concurrently with other sentences already being served. (*See* Written Plea Colloquy, 3/1/10, at 1.) The sentence recommendation was repeated during the oral plea colloquy. Appellant knew the sentence he faced as well as the recommended sentence, he affirmed no threats or promises had been made to induce his plea, and he was entering the plea voluntarily because he was guilty. (*See* N.T. Guilty Plea Hearing, 3/1/10, at 2-11.) Regardless of the reasons Appellant entered his plea, he is now bound by the statements he made when entering the plea and cannot contradict them to question the lawfulness of his plea proceedings. *See Pollard, supra*. Therefore, current counsel is correct that a challenge to the guilty plea process as flawed would be wholly frivolous.

The PCRA court also addressed Appellant's challenge to the manner of sentencing as follows:

> In total, petitioner could have, been sentenced to a maximum imprisonment term of fifty-five (55) years. Instead, petitioner was sentenced to an aggregate imprisonment term of twenty-five (25) to fifty (50) years. There was no error in fashioning these sentences to run consecutive or concurrent to each other. Consequently, the court did not abuse its discretion in imposing sentence. Because there was no error in fashioning petitioner's sentences...this claim has no merit.

(PCRA Court Opinion at 7). We agree with the court's decision on this point as well. The guilty plea agreement included a sentence recommendation for

25 to 50 years' incarceration to run concurrently with whatever sentence Appellant was already serving. The plea agreement did not govern the court's internal structure of the new sentence, so how the court apportioned the new sentence was left to its discretion. To the extent Appellant baldly complains his sentence is somehow "illegal" because it was imposed to run concurrently with the sentences he was already serving, we see no merit to that argument. Thus, these sentencing challenges are wholly frivolous as well.

With respect to Appellant's *Alleyne* complaint, the Commonwealth submits the court did not exceed the relevant statutory maximums or apply any mandatory minimum sentences, which would render Appellant's sentence unconstitutional. Specifically, the Commonwealth questions the undated notice of intent from the Commonwealth, that Appellant attached to his *pro se* response to counsel's *Anders* brief, which references 42 Pa.C.S.A. § 9712. The Commonwealth claims the mere existence of the notice fails to establish that the trial court actually imposed a mandatory minimum sentence, particularly where neither the court nor the parties mentioned a mandatory minimum at sentencing. The Commonwealth concludes nothing in the record supports Appellant's suggestion that he received a mandatory minimum sentence. We cannot agree.

Instantly, upon our own independent review we have discovered that the written sentencing order of March 1, 2010, contained in the certified

record, indicates the court imposed a mandatory minimum sentence for third degree murder. Specifically, the "mandatory sentence" box on the third degree murder written sentencing sheet is checked "Yes." No other mention of a mandatory minimum sentence, however, appears in the certified record. Nevertheless, we think this indicator on the written sentencing sheet is enough to create a discrepancy between the sentence as agreed to and orally pronounced and the sentence as written. Without more, that written sentencing order would control any sentencing dispute. **See Commonwealth v. Willis**, 68 A.3d 997, 1010 (Pa.Super. 2013) (reiterating rule that written sentence generally controls where discrepancy exists between sentence as written and sentence as orally pronounced). Therefore, we conclude Appellant would not be entitled to withdraw his guilty plea on the grounds alleged, because the negotiated plea involved no mandatory minimum sentence term. Appellant is entitled to some relief, however, because he raised his **Alleyne** issue on direct appeal; and the certified record seems to support his position.

Based upon the foregoing, we vacate the sentence imposed for third degree murder and remand for resentencing on that count only, confirming it is without application of any mandatory minimum sentence. Because we have not upset the overall sentencing parameters contemplated by both the guilty plea agreement and the sentencing court, we decline to vacate the entire judgment of sentence; instead, we affirm it in all other respects and

deny counsel's petition to withdraw.

Judgment of sentence vacated in part and affirmed in part; case is remanded for resentencing on the third degree murder conviction only; counsel's petition to withdraw is denied. Jurisdiction is relinquished.

Judge Mundy did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/2016